UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANNE VICTORIA CASTAY,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 14-1356 |
| OCHSNER HEALTH SYSTEMS, ET AL.,<br>    Defendants | SECTION: "E" (2) |

ORDER

Before the Court are the following motions: (1) a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Ochsner Health Systems ("Ochsner"),[1] (2) a Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Corphealth, Inc. d/b/a LifeSynch ("LifeSynch"),[2] and (3) a Motion to Temporarily Stay Discovery also filed by Ochsner.[3] For the reasons that follow, both motions to dismiss are granted, and the motion to temporarily stay discovery is denied as moot.

BACKGROUND

On April 29, 2013, Plaintiff Anne Victoria Castay filed suit against Ochsner Clinic Foundation alleging interference with her rights under the Family Medical Leave Act ("FMLA") and retaliation for attempting to exercise her FMLA rights.[4] Plaintiff is a former surgical technician who was employed by Ochsner Clinic Foundation until she was terminated on June 4, 2012. This Court granted summary judgment in favor of

---

[1] R. Doc. 27.
[2] R. Doc. 31.
[3] R. Doc. 49.
[4] *Castay v. Ochsner Clinic Found.*, No. 13-2492, R. Doc. 1 (E.D. La.).

Ochsner Clinic Foundation on all of Plaintiff's claims.[5] Plaintiff appealed, and the United States Court of Appeals for the Fifth Circuit affirmed the Court's ruling.[6]

On June 10, 2014, after the Court denied Plaintiff's motion to alter judgment but before her appeal was docketed, Plaintiff filed a separate *pro se* Complaint against Defendants Ochsner Health Systems, Corphealth, Inc. d/b/a LifeSynch, Ochsner EAP, Beth Walker, and Joan Mollohan.[7] On April 20, 2015, Plaintiff filed an Amended Complaint in which she voluntarily dismissed Defendants Beth Walker and Joan Mollohan.[8]

In the Amended Complaint, Plaintiff alleges that, for more than twenty years, she has suffered from a mental health condition that constitutes a disability under the Americans with Disabilities Act ("ADA").[9] She claims Ochsner was aware of her condition because she used her health benefits to obtain treatment, and Ochsner made no attempt to accommodate her disability. On June 4, 2012, Plaintiff was discharged from her employment. She asserts Ochsner violated the ADA when it terminated her employment, which caused her loss of income, mental anguish, and other damages.[10] Plaintiff states in the Amended Complaint: "Ochsner's denial of Castay's FMLA request is the subject of a separate proceeding . . . . Those claims for relief are, therefore, not being reasserted in this instant action."[11]

---

[5] *Id.*, R. Doc. 49.
[6] *Castay v. Ochsner Clinic Found.*, 604 F. App'x 355, 357 (5th Cir. 2015). On July 21, 2015, the judgment was issued as mandate.
[7] R. Doc. 1.
[8] R. Doc. 26.
[9] *Id.* at p. 2.
[10] *Id.* at p. 5.
[11] *Id.* at pp. 3–4.

## LAW AND ANALYSIS

<u>Ochsner's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)</u>[12]

On April 21, 2015, Ochsner filed a motion to dismiss Plaintiff's claims in their entirety, with prejudice.[13] First, Ochsner asserts Plaintiff's Complaint and Amended Complaint are barred by *res judicata* because her second suit arises out of the same nucleus of operative fact as her first suit, regardless of whether Plaintiff states a different legal theory for her second suit.[14] In the alternative, Ochsner asserts Plaintiff's ADA claim is time-barred.[15]

Plaintiff opposes Ochsner's motion, arguing "the claims or causes of action asserted in the two suits are neither the same nor do they arise out of the same nexus of operative facts," and her ADA claim is timely.[16] She admits the same employer and employee were involved in both cases and that portions of the cases occurred during similar time periods, but she contends the cases involved separate medical issues afflicting different patients, arose under different Federal statutes, and sought different forms of relief.[17]

"Dismissal under Rule 12(b)(6) on *res judicata* grounds may be appropriate when the elements of *res judicata* are apparent on the face of the pleadings."[18] In deciding such a motion, "the court may consider documents attached to or incorporated in the

---

[12] R. Doc. 27.
[13] *Id.* Plaintiff's original Complaint named Ochsner EAP as a defendant. In her Amended Complaint, Plaintiff states: "On information and belief, at all times material hereto, Ochsner did business under various assumed business names, including 'Ochsner Employee Assistance Program' aka 'Ochsner EAP.'" R. Doc. 26. In its motion, Ochsner asserts Ochsner EAP is not a business entity. Plaintiff does not dispute this assertion. Thus, Plaintiff's claims against Ochsner EAP are dismissed.
[14] R. Doc. 27-1, p. 4.
[15] *Id.* at pp. 8–9.
[16] R. Doc. 33, pp. 2–5.
[17] *Id.* at p. 2.
[18] *Dean v. Mississippi Bd. of Bar Admissions*, 394 F. App'x 172, 175 (5th Cir. 2010) (unpublished).

complaint and matters of which judicial notice may be taken."[19] "Federal law determines the res judicata effect of a prior federal court judgment."[20]

The Fifth Circuit has held that four elements are required for a claim to be barred by *res judicata*: "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases."[21] Essentially, "res judicata bars the subsequent litigation of claims that have been litigated *or should have been raised* in an earlier suit."[22]

1. Identical parties

The Fifth Circuit has held: "Res judicata does not require strict identity of the parties. A non-party defendant to a prior suit may qualify as an 'identical party' for res judicata purposes if it is in privity with a named defendant."[23] The Fifth Circuit has recognized that privity exists in three circumstances: "(1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit."[24]

Plaintiff's first suit was filed against her former employer, Ochsner Clinic Foundation. In this suit, Plaintiff named Ochsner Health Systems as a defendant. Ochsner's motion states Ochsner Clinic Foundation is a subsidiary of Ochsner Health Systems, which Plaintiff does not dispute. Thus, Ochsner Health Systems' interests were

---

[19] *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). *See also Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995) ("Federal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss.").
[20] *Gulf Island-IV, Inc. v. Blue Streak-Gulf Is Ops*, 24 F.3d 743, 746 (5th Cir. 1994).
[21] *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 330 (5th Cir. 2007).
[22] *Id.* (emphasis added).
[23] *Judy Chou Chiung-Yu Wang v. Prudential Ins. Co. of Am.*, 439 F. App'x 359, 364 (5th Cir. 2011) (unpublished) (citing *Gulf Island–IV, Inc.*, 24 F.3d at 746).
[24] *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990).

adequately represented in the prior suit.[25] Plaintiff admits in her opposition to Ochsner's motion that both suits were filed by her against her former employer.[26] Accordingly, the first element is met as to these parties.

2–3. Prior & Final Judgment

This Court issued prior judgment granting summary judgment in favor of Ochsner Clinic Foundation on all of Plaintiff's claims.[27] This judgment was affirmed by the Fifth Circuit, and judgment was issued as mandate on July 21, 2015.[28] Plaintiff does not dispute these two elements. Thus, the second and third elements are met.

4. Same Claim or Cause of Action

To determine whether the fourth element is met, the Court applies the "transactional test."[29] The Fifth Circuit has described the transactional test as follows:

> Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose." *Petro–Hunt, L.L.C. v. United States,* 365 F.3d 385, 395–96 (5th Cir. 2004) (quoting the Restatement (Second) of Judgments § 24(1) (1982)). What grouping of facts constitutes a "transaction" or a "series of transactions" must "be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* (quoting the Restatement (Second) of Judgments § 24(2) (1982)). The critical issue under the transactional test is whether the two actions are based on the "same nucleus of operative facts." *Id.* at 396 (quoting *In re Southmark Corp.,* 163 F.3d 925, 934 (5th Cir.1999)). Thus, [the court] must review the facts contained in each complaint to determine whether they are part of the same transaction or

---

[25] *Cf. Judy Chou Chiung-Yu Wang*, 439 F. App'x at 364 (stating "[t]here can be no doubt that Prudential Insurance Company of America, which was named in the prior suits, adequately represented the interests of its subsidiaries—who are alleged to have committed the same wrongdoing—in the prior suit").
[26] *Id.* at p. 2.
[27] *Castay v. Ochsner Clinic Found.,* No. 13-2492, R. Doc. 49 (E.D. La.).
[28] *Castay v. Ochsner Clinic Found.*, 604 F. App'x 355, 357 (5th Cir. 2015).
[29] *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004).

series of transactions, which arise from the same nucleus of operative facts.[30]

In this instance, both complaints are by Plaintiff, a former employee of Ochsner, against her former employer. Plaintiff's first complaint alleged interference with her FMLA rights and retaliation for attempting to exercise her FMLA rights when she was terminated on June 4, 2012. Plaintiff's instant complaint alleges Ochsner failed to accommodate her mental health disability and violated the ADA when it terminated her employment on June 4, 2012. Even though the federal statutes under which Plaintiff asserts claims in both cases differ, the claims in question all originate from her employment with Ochsner and ultimate termination on June 4, 2012 on the grounds Plaintiff acted unprofessionally toward her immediate supervisor and co-workers.

In addition, the claims in both cases were so connected in time and space that they could have, and should have, been brought in the first action to create a single, convenient trial unit.[31] It is not as though Plaintiff's ADA claim came into existence only after final judgment in her first action was issued, or even after that action was filed.[32] Plaintiff was terminated on June 4, 2012. Her first suit was filed on April 29, 2013, and the instant suit was not filed until June 10, 2014. As the Fifth Circuit has stated:

---

[30] *Id.*

[31] *See U.S. v. Davenport*, 484 F.3d 321, 325–26 (5th Cir. 2007) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (stating the doctrine of *res judicata* "'relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication'")).

[32] It is irrelevant that Plaintiff's EEOC letter for the ADA claim was not issued until after summary judgment was granted in the first case. *Cf. Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 316 (5th Cir. 2004) ("[A] plaintiff who brings a Title VII action and files administrative claims with the EEOC must still comply with general rules governing federal litigation respecting other potentially viable claims. Because the barred claims arose from the same nucleus of operative fact as the claims in [the first case] and they predate that action, Appellants were on notice to include those claims in [the first case]. To prevent their claims from being precluded, Appellants could have requested a stay in [the first case] until they received their letters. Accordingly, we affirm the district court's determination that Appellants' claims predating and unrelated to the lieutenant promotion process were barred by *res judicata*." (internal quotation marks and citation omitted)). The same reasoning holds true in this case.

> [I]t is black-letter law that *res judicata*, by contrast to narrower doctrines of issue preclusion, bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication, not merely those that were adjudicated. And it is equally settled that one who has a choice of more than one remedy for a given wrong, as [Plaintiff] did here, may not assert them serially, in successive actions, but must advance all at once on pain of bar.[33]

Plaintiff's ADA claim was predicated on conduct that allegedly occurred before she filed her first suit against Ochsner. Thus, her claim could have been included in the earlier suit.[34] The Court finds the facts underlying Plaintiff's complaints in both cases are part of the same transaction or series of transactions, which arise from the same nucleus of operative facts.

As all four required elements are met, Plaintiff's ADA claims against Ochsner are barred by *res judicata* and thus dismissed with prejudice.[35]

LifeSynch's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction[36]

On May 5, 2015, LifeSynch filed a Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction.[37] In its motion, LifeSynch argues: "[E]ven assuming Plaintiff has stated a cognizable claim against LifeSynch, that claim does not have its own independent basis for federal jurisdiction. Further, the allegations as to LifeSynch in Plaintiff's Amended Complaint do not arise out of a common nucleus of operative fact with her claims [against Ochsner under the ADA], such that the Court cannot exercise supplemental jurisdiction over them."[38]

---

[33] *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 560 (5th Cir. 1983).
[34] *See supra* note 30.
[35] Because the Court finds Plaintiff's claims in the above-captioned matter are barred by *res judicata*, it need not address whether Plaintiff's ADA claim was timely.
[36] R. Doc. 31.
[37] *Id.*
[38] *Id.* at p. 1. LifeSynch notes "it is not entirely clear on what basis [Plaintiff] has brought LifeSynch into this suit, [but] her Amended Complaint does make clear that she has not asserted a federal cause of action against LifeSynch." R. Doc. 31-2, p. 1.

In this case, Plaintiff's Amended Complaint is based on Ochsner's alleged violations of the ADA. Plaintiff's Amended Complaint makes no allegations that LifeSynch violated the ADA or any other federal statute. Even assuming Plaintiff's state-law allegations as to LifeSynch are so related to Plaintiff's federal ADA claims that they form part of the same case or controversy under Article III of the United States Constitution, which would be required for the Court to exercise supplemental jurisdiction under 28 U.S.C. 1367, the Court dismisses in this order all federal claims over which it had original jurisdiction. Pursuant to 28 U.S.C. 1367(c), the Court may then decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. Accordingly, Plaintiffs' state-law claims against LifeSynch case are dismissed without prejudice.

<u>Motion to Temporarily Stay Discovery filed by Defendants Ochsner Health Systems</u>[39]

Defendant Ochsner Health Systems filed a motion for a protective order granting a temporary stay of all discovery pending the Court's ruling on Ochsner's pending dispositive motion.[40] In this order, the Court grants Ochsner's pending dispositive motion. Accordingly, the motion to temporarily stay discovery is now moot.[41]

## CONCLUSION

**IT IS ORDERED** that the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Ochsner Health Systems is **GRANTED**.[42] Plaintiff's claims against Defendants Ochsner Health Systems and Ochsner EAP are **DISMISSED WITH PREJUDICE**.

---

[39] R. Doc. 49.
[40] *Id.*
[41] *Id.*
[42] R. Doc. 27.

**IT IS FURTHER ORDERED** that the Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Corphealth, Inc. d/b/a LifeSynch is **GRANTED**.[43] Plaintiffs' state-law claims against LifeSynch case are **DISMISSED WITHOUT PREJUDICE**.[44]

**IT IS FURTHER ORDERED** that the Motion to Temporarily Stay Discovery filed by Defendant Ochsner Health Systems is **DENIED AS MOOT**.[45]

New Orleans, Louisiana, this 27th day of July, 2015.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[43] R. Doc. 31.
[44] The Court's ruling dismisses all pending claims in this action.
[45] R. Doc. 49.